■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LITTERELLO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered October 15, 1986, convicting him of resisting arrest, criminal trespass in the third degree and attempted autostripping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The appellant argues that his guilt of resisting arrest was not proven. Viewing the evidence in the light most favorable

to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of the guilt was not against the weight of the evidence (CPL 470.15 [5]).

The court did not improvidently exercise its sound discretion in ruling that the defendant's prior conviction for reckless endangerment, and the underlying circumstances thereof, were admissible into evidence (see, People v Sandoval, 34 NY2d 371). The defendant's contention that the prosecutor's reference to the circumstances underlying the conviction impermissibly suggested that he had a propensity for resisting arrest has not been preserved for appellate review (CPL 470.05 [2]). Furthermore, we perceive no basis for exercising our interest of justice jurisdiction.

Finally, we conclude that the sentence imposed was not excessive. Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.